LUCY R. WOODS & others *vs.* HERBERT E. RICHARDSON.

Suffolk.    March 2, 1875.    MORTON & ENDICOTT, JJ., absent.

By an ante-nuptial settlement, a woman conveyed all her real estate to a trustee and his heirs, during the coverture, in trust for her sole and separate use and benefit; the trustee covenanted to pay her the income during her coverture; and it was agreed "that in case said marriage shall be dissolved by death or otherwise, then the real estate and the rents, issues and profits of the same from and after said dissolution, shall be and remain the property and estate, and the same *is* hereby conveyed to the person or persons who would have by law a right or title thereto, in case this instrument had never been made." The woman, her husband and the trustee subsequently conveyed the estate in fee by a warranty deed. *Held*, that by the marriage settlement only an estate for the life of the wife was conveyed to the trustee; that the reversion passed by the deed which she and her husband executed, and that her heirs had no title.

WRIT OF ENTRY, dated February 24, 1873, brought by Lucy R. Woods, Andrew C. Walker and Mary W. Walker, his wife, to recover possession of one undivided third part of a certain estate situated on Green Street, in Worcester. Plea, *nul disseisin*. The case was submitted to the judgment of the court, on an agreed statement of facts in substance as follows:

Jonathan Loring died intestate in 1833 or 1834, seised in fee of the entire estate on Green Street, leaving, as his only heirs

three children, David S. Loring, Ann McGregor Loring and Margaret D. Loring, who inherited the said estate, taking each one undivided third part. In January, 1839, Margaret D. Loring, who remained seised in fee simple of her interest in said estate, married George A. Woods, and an ante-nuptial settlement, dated January 21, 1839, was executed by her, the said George A. Woods, her intended husband, and George C. Briggs, the husband of Margaret's sister Ann, delivered to said Briggs and duly recorded the same day. By it, Margaret conveyed " all her real estate of every description, and all her right, title and interest therein, and to the rents, issues and profits of the same ; to have and to hold the same to him the said George C. Briggs, his heirs, executors and administrators, during the coverture aforesaid, but nevertheless in trust to and for the sole and separate use and benefit of the said Margaret D. Loring ; " Briggs covenanted to pay her the income during her coverture ; and the indenture contained the further agreement " that in case said marriage shall be dissolved by death or otherwise, then the real estate aforesaid, and the rents, issues and profits of the same, from and after said dissolution, shall be and remain the property and estate, and the same is hereby conveyed to the person or persons who would have by law a right or title thereto in case this instrument had never been made and executed."

On March 21, 1839, David S. Loring, George C. Briggs and his wife Ann, George A. Woods and his wife Margaret, and Briggs in his capacity as trustee under the settlement, executed and delivered to Caleb Eddy a warranty deed of the whole estate, which deed was duly recorded on April 5, 1839. Eddy then entered and took possession of the estate thereby conveyed, and he and those claiming under him have ever since retained possession.

On July 1, 1867, the trustees under the will of Eddy conveyed the estate to the tenant, who was a purchaser in good faith, for a valuable consideration, and without personal notice of the said marriage contract.

Margaret D. Woods had by her said husband two daughters the demandant Mary W. Woods, born October 27, 1841, and who married Andrew C. Walker, September 15, 1864, and the demandant Lucy R. Woods, born December 25, 1846.

Margaret D. Woods died Apri. 26, 1849, in the lifetime of her husband ; he died October 20, 1856.

*C. A. Welch,* for the demandants.    1. The tenant's grantor, Eddy, never got any title to the one undivided third part of the estate on Green Street, demanded in this writ, by the deed dated March 3, 1839, because George C. Briggs, trustee, in whom the fee of this one third was under the ante-nuptial settlement of January 21, 1839, had no right to convey it. It was conveyed to Briggs and his heirs to hold in trust for the separate use of Margaret D. Loring, who was then about to be married to George A. Woods. No power was given to Briggs as trustee by this settlement to sell and convey the real estate conveyed to him. His duty was simply to pay the rents and profits to her, and these rents and profits were not to be liable for her intended husband's debts and engagements ; and in case (*i. e.* when) the marriage was dissolved by death or otherwise, the real estate was to be and remain the property and estate, and the same was thereby conveyed to the person or persons who would by law have a title thereto in case this settlement had never been made and executed. The marriage was dissolved by the death of Mrs. Woods, April 26, 1849. The estate, until this time held in fee simple by Briggs as trustee, then passed to the persons who would by law have had a right or title thereto in case the ante-nuptial settlement had never been made. These persons were her husband, George A. Woods, who would have taken an estate by the curtesy for life, and her children, the demandants in this case, who would have taken the reversion, subject to his life estate. Although Mr. and Mrs. Woods joined in the deed to Eddy of March 31, 1839, they had no estate, and consequently conveyed nothing.

2. The tenant gained no title by disseisin, although he and Eddy, under whom he claims as grantee, had held the whole estate since 1839. On the death of Mrs. Woods in 1849, when the trust ceased, her husband became seised of the life estate, as stated above, and his interest passed at once to Eddy by the estoppel, created by his covenants in the deed to Eddy, and as he did not die until October 20, 1856, the right of entry of the demandants accrued at this latter date, and the suit was brought in 1873, within twenty years from that time.

3. Although Mrs. Woods and her husband joined in the deed to Eddy, and the deed contained the usual covenants of title and

warranty by both husband and wife, those covenants do not estop these plaintiffs from recovering the demanded third, for the plaintiffs do not claim as heirs of their mother by descent, but as purchasers under the last clause of the ante-nuptial settlement, that is, as the designated persons, to whom the reversion, subject to their father's life estate, passed by that settlement on the dissolution of the marriage by death. The mother never took any estate.

4. But even if they had taken as heirs of their mother, the covenants of a *feme covert* in the deed of husband and wife do not operate to bar her subsequently acquired interest in land. *Jackson* v. *Vanderheyden,* 17 Johns. 167. *Wight* v. *Shaw,* 5 Cush. 56, 66.

*C. B. Goodrich,* (*B. E. Perry* with him,) for the tenant.

GRAY, C. J. By the marriage settlement, no more than an estate for the life of the wife was conveyed to the trustee ; the reversion in fee remained in her, and passed by her deed in which her husband joined. No estate, therefore, descended from her to her heirs, and they took none under the settlement.

*Judgment for the tenant.*